IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| S.M. Real Estate, LLC, and Shawne Merriman, | x<br>:<br>: |
| Plaintiffs, | :<br>: Case No. 8:09-cv-00978-RWT |
| v. | :<br>: |
| Christian Laettner, Brian Davis and BD Ventures, LLC | : **MEMORANDUM OF LAW IN SUPPORT**<br>: **OF MOTION FOR SUMMARY JUDGMENT**<br>:<br>: **ORAL ARGUMENT REQUESTED** |
| Defendants. | :<br>x |

## PLAINTIFFS S.M. REAL ESTATE, LLC AND SHAWNE MERRIMAN'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Plaintiffs S.M. Real Estate, LLC ("S.M. Real Estate") and Shawne Merriman (together with S.M. Real Estate, "Plaintiffs"), by and through their undersigned counsel, submit this Memorandum of Law in Support of their Motion for Summary Judgment.

### I. This Suit

This is an action to enforce two promissory notes (and related guaranties) against a borrower (and its guarantors) who borrowed $3 million from Plaintiff Shawne Merriman through his company S.M. Real Estate, and who then refused to repay the debt which has long since matured. In written submissions, Defendants' regrettable response to this suit has been to deny receipt of the $3 million and any obligation to repay it. On October 5, 2009, Plaintiffs moved for summary adjudication of counts III, IV and V of the Amended Complaint (Doc. No. 31). In response to Plaintiffs' motion, Defendants sought to forestall the entry of judgment asserting various hyper-technical and invalid defenses such as the Rule Against Perpetuities. At oral

argument, Defendants further confused the matter contending that though the parties' written agreements contemplated that the $3 million borrowed would be used by Ball Street Fund, LLC "Ball Street"), an affiliate company owed and controlled by Defendants, this somehow relieved Defendants of any obligation under the notes and guaranties they signed. Giving Defendants the benefit of the doubt, by Order dated February 2, 2010, this Court denied summary judgment (Doc. No. 73) and directed the parties to take discovery to establish the facts. (*See* Hearing Transcript, Doc. No. 79. at 37.) The facts have now been established beyond any genuine dispute.

**Once Defendants were placed under oath in depositions they each admitted: (i) that they borrowed and guaranteed the $3 million, (ii) that they chose to direct the borrowed money to their affiliate for their benefit, (iii) that they have not paid the debt, (iv) that Plaintiffs performed their obligations, (v) and that Defendants have no defenses to the promissory notes nor to the enforcement of the guaranties.** Plaintiffs are thus entitled to summary judgment on the promissory notes and the guaranties. Defendants also admitted during their depositions that they promised in writing to grant Shawne Merriman specific interests in particular real estate projects but have failed to convey those interests to Mr. Merriman, and that Mr. Merriman is entitled to those interests. Defendants can no longer hide the ball. Plaintiffs are entitled to summary judgment awarding them all amounts due and owing under the notes and guaranties, and awarding Mr. Merriman the real estate interests granted under the parties' agreement.

## II.     Facts

On August 3, 2007, Shawne Merriman, through S.M. Real Estate, a Maryland limited liability company of which Merriman is the sole member, entered into a letter agreement with

Defendants Laettner, Davis and BD Ventures, LLC ("BD Ventures" and, together with Laettner and Davis, "Defendants"), a District of Columbia limited liability company then under the exclusive control of Laettner and Davis, and of which Davis and Laettner were managing members (the "Letter Agreement").[1] Pursuant to the Letter Agreement, S.M. Real Estate agreed to lend $3 million to BD Ventures for use by Ball Street Fund, LLC ("Ball Street"), an entity also under Laettner's and Davis's exclusive control, and of which Davis and Laettner are managing partners (the "Loan"). The Loan was evidenced by two promissory notes, the first in the principal amount of $2,750,000 and a second in the principal amount of $250,000, and required BD Ventures to repay the $3 million loan on or before August 3, 2009 (collectively, the "Notes").[2] Concurrent with the execution of the Letter Agreement and the Notes, Defendants Laettner and Davis separately executed personal guaranties in favor of S.M Real Estate, each for the entire $3 million loan, plus interest and legal fees associated with collection should BD Ventures or the guarantors fail to repay the Loan as required by the Notes.[3] In reliance on the Letter Agreement, Notes and Guaranties, Merriman borrowed $3 million from Wachovia Bank, which he then lent, through S.M. Real Estate, to Defendants at their request for their use by their entity Ball Street. (*See* Merriman Aff. ¶ 2.)

Pursuant to the Notes, Defendants agreed to repay the loan with interest at a rate of 10 percent per annum before August 3, 2009. (*See* Ex. 2 at 1.) The Notes provide for a default interest rate of 12 percent per annum. (*See* Ex. 2 at 2.) Between June 10 and August 18, 2008,

---

[1] A true and correct copy of the Letter Agreement is attached to the Affidavit of Shawne Merriman In Support of Plaintiffs' Motion for Summary Judgment (the "Merriman Aff.") as Exhibit 1.

[2] A true and correct copy of the Notes is attached to the Merriman Aff. as Exhibit 2.

[3] A true and correct copy of the Laettner Guaranty is attached to the Merriman Aff. as Exhibit 3. A true and correct copy of the Davis Guaranty is attached to the Merriman Aff. as Exhibit 4.

Defendants made three payments to Plaintiffs totaling $339,000, of which $46,490 was applied to principal, and the remainder to interest. (*See* Merriman Aff. ¶ 7.)

On or about December 1, 2008, the parties executed a First Amendment to Memorandum of Understanding (the "AMOU"), pursuant to which Defendants Laettner and Davis agreed to repay or assume Merriman's debt to Wachovia and also to convey to Merriman certain rights in: (1) specific real estate projects, including but not limited to interests in Defendants' projects in Baltimore, Durham, Philadelphia and Washington, D.C.; and (2) Defendants' other investments, including but not limited to an interest in the DC United and the Memphis Grizzlies. (*See* Ex. 5.)[4] The AMOU, which was signed by the Defendants, acknowledged that Merriman borrowed $3 million from Wachovia and lent that money to BD Ventures, and that the Loan was evidenced by the Notes. (*See* Ex. 5 ¶¶ B and C.) Pursuant to its terms, Merriman was also given the right to convert the specifically listed real estate interests into interests in Defendants' other projects should those specifically identified fail to come to fruition. (*See* Ex. 5 at ¶ 1(e).) The AMOU also moved up the due dates of the initial Loan to March 30, 2009. (*See* Ex. 5 at ¶ D.)

Following execution of the AMOU, on March 23, 2009, Defendants made one further payment to Plaintiffs, totaling $125,000, which was applied to outstanding interest. (*See* Merriman Aff. ¶ 9.) After March 23, 2009, Defendants made no further payments of any kind to Plaintiffs. (*See* Merriman Aff. ¶ 10.) Defendants never assumed the Wachovia debt. (*See* Merriman Aff. ¶ 13.) Defendants failed to convey the interests in real estate projects and investments to Merriman that are due him under the AMOU. (*See* Merriman Aff ¶ 13.)

---

[4] A true and correct copy of the AMOU is attached to the Merriman Aff. as Exhibit 5.

### III. Argument

"To prevail in an action for breach of contract, a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation." *Taylor v. NationsBank, N.A.*, 365 Md. 166, 175 (Md. 2001). Summary judgment is proper where, as here, "the pleadings, depositions, …and admissions on file… show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Pro. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 519 (4th Cir. 2003).

At oral argument on the parties' initial motions for summary judgment, Defendants argued that there was no evidence before the Court that there was consent by BD Ventures for the funds to be advanced to Ball Street, and therefore no consideration received by BD Ventures obligating it to repay the Loan. (*See* Hearing Transcript at 29.) Any such alleged ambiguity was resolved in Plaintiffs' favor by the Defendants at their respective depositions.[5]

At their depositions, both Laettner and Davis testified that, as intended by the parties' agreements, their companies received the $3 million Loan from Merriman, and they used the money for Defendants' benefit. (*See* Ex. A, Laettner Dep. at 148:2 -148:3 ("What I could tell you is that we did receive 3 million dollars from Shawne Merriman."; *see also* Ex. B, Davis Dep. at 20:11-19; 30:8-31:3.).[6] This was also previously admitted in the AMOU signed by the Defendants. (*See* Ex. 5 at ¶¶ B and C.) Defendants also acknowledged that the Letter Agreement explicitly states that BD Ventures "expects that the loan will be advanced to Ball

---

[5] *Solis v. Prince George's County*, 153 F. Supp. 2d 793, 798 (D. Md. 2001) ("On a motion for summary judgment, a district court may consider deposition testimony or affidavits complying with Rule 56(e) as a substitute for live testimony.").

[6] A true and correct copy of relevant excerpts from the April 28, 2010 deposition of Christian Laettner is attached to the Declaration of David E. Ross in Support of Plaintiffs' Motion for Summary Judgment (the "Ross Decl.") as Exhibit A. A true and correct copy of relevant excerpts from the April 29, 2010 deposition of Brian Davis is attached to the Ross Decl. as Exhibit B.

Street Fund." (Ex. 1 at 1; *see also* Ex. B, Davis Dep. at 31:9-20.) Moreover, Davis, the managing member of BD Ventures, testified that he directed that the money be sent to Ball Street, (*See* Ex. B, Davis Dep. at 30:8-31:3; 74:10-15.) Davis further testified that by so directing the money to Ball Street, BD Ventures was benefited. (*See* Ex. B, Davis Dep. at 32:20-33:5; 74:16-20.).[7]

Defendants further testified that they used the monies that were loaned by Plaintiffs. (*See* Ex. B, Davis Dep. at 32:9-33:2.) Such use is also evident from email communications between Plaintiffs and Defendants, when, in referring to the Loan, Davis wrote to Merriman "Shawne, because of you, we now have Phillie, Atlanta, and Jamaica. With Durham and [Baltimore], we good. I want to show you want you own ASAP. B". (*See* Ex. C.)[8]

Defendants testified that they have not repaid the Loan – not because they deny its existence or their obligation to repay it – but because they claim to have insufficient funds in their businesses to repay it. (Ex. B, Davis Dep. at 35:3-36:2; 33:3-5; *see also* Ex. A, Laettner Dep. at 65:4-7.). Defendants thus have no valid basis for their failure to repay the loan nor to honor their obligations under the respective guaranties. Indeed, Davis further admitted that he, BD Ventures and Laettner are each obligated to repay the Loan and all outstanding amounts to Plaintiffs. (*See* Ex. B, Davis Dep. at 36:8-17; 74:5-9.)

Additionally, Defendants have conceded that Plaintiffs have performed all of their obligations under the Loan, and that Defendants have no defenses to their breach of the Letter Agreement, the Notes or the Guaranties. (*See* Ex. B, Davis Dep. at. 38:2-39:13; 129:20-130:10.)

---

[7] Defendant Brian Davis was BD Ventures's designated representative pursuant to Fed. R. Civ. P. 30(b)(6). In that capacity, Davis testified that on all matters in issue, his testimony in his individual capacity is identical to BD Ventures's testimony on such matters.

[8] A true and correct copy of an email from Brian Davis to Shawne Merriman, dated March 22, 2009 and bearing the bates numbers SMRE00000728-30 is attached to the Ross Decl. as Exhibit C.

Finally, Defendants have admitted that Plaintiffs are entitled to the return of whatever amounts are due under the two promissory notes which have a face amount of $3 million, including whatever interest is due, and that Shawne Merriman is due the proportional interests Defendants promised him in their real estate projects. (*See* Ex. B, Davis Dep. at 36:5-17; 74:5-20; 97:19-98:8.)

### IV.  Amounts Due Plaintiffs Under The Defaulted Notes and Guaranties

The principal Loan, as set forth in the Notes and AMOU, was due on March 30, 2009. The Notes accrued an interest rate of 10 percent per annum up to and including the date of default. On March 30, 2009, Defendants defaulted in repaying the Notes and satisfying the Guaranties. As at March 30, 2009, Defendants owed Plaintiffs $2,996,288.31. From March 31, 2009 through the date of this submission (August 9, 2010), the Notes accrued interest at the default rate of 12 percent per annum, such that the amount due Plaintiffs is now $3,641,487.90. The daily interest rate until judgment is entered continues to accrue at 12 percent. Accordingly, Plaintiffs are entitled to a judgment against each of Christian Laettner, Brian Davis and BD Ventures, LLC, in the amount of $3,641,487.90, plus interest thereon at $998.76 per day from August 10, 2010 through and including the date judgment is entered.[9]

### V.  Conclusion

For the foregoing reasons, there exists no dispute as to any material fact. Plaintiffs have proved and/or Defendants have admitted each element of each cause of action set forth in the Amended Complaint. Accordingly, summary judgment is proper on all counts. Plaintiffs are accordingly entitled to the entry of judgment awarding a Judgment as follows:

---

[9] Plaintiffs reserve the right to seek their reasonable legal fees as provided in the Notes and Guaranties.

1. Awarding Plaintiffs a Judgment against each of Christian Laettner, Brian Davis and BD Ventures, LLC, jointly and severally, in the amount of $3,641,487.90 plus daily interest in the amount of $998.76 from August 10, 2010 through the date Judgment is entered;

2. Awarding Shawne Merriman the following interests (together with the obligation to execute such documents as are necessary to effect the transfer to Mr. Merriman of such interests):

   a. Atlanta – East Village: ten percent. Merriman shall own a ten percent (10%) membership interest in PDP LLC and Merriman's capital account in PDP LLC shall be $800,000.

   b. Durham – West Village: ten percent. Merriman shall own a ten percent (10%) membership interest in the West Village Condos Partnership LLP and Merriman's capital account in the West Village Condos Partnership LLP shall be $800,000.

   c. Baltimore: ten percent. Merriman shall own a ten percent (10%) membership interest in the Baltimore Partnership and Merriman's capital account in the Baltimore Partnership shall be $1,400,000.

3. Further providing that Shawne Merriman (or his designee(s)) shall have the option at any time to convert and transfer his ownership in one or more of the foregoing Real Estate Projects to any other of the Projects, or to one or more other real estate projects, now or later undertaken by Davis or Laettner (or entities in which they have an interest) on terms and conditions agreed to by the parties in

good faith, but in no event less favorable than the terms of the above sections 2(a) –2(c) applicable to each uncompleted Real Estate Project.

4. Such other relief as this Court deems just and proper.

Dated: August 9, 2010

Respectfully submitted,

KASOWITZ, BENSON, TORRES
& FRIEDMAN LLP

By: _____

Marc E. Kasowitz (*pro hac vice*)
David E. Ross (*pro hac vice*)
Rachel E. Lubert (*pro hac vice*)
1633 Broadway
New York, New York 10019
Telephone: 212-506-1700
Fax: 212-506-1800

Roy I. Niedermayer
Arthur G. House
Paley Rothman Goldstein Rosenberg Eig
& Cooper, Chtd.
4800 Hampden Lane, 7th Floor
Bethesda, Maryland 20814
Telephone: 301-951-4456
Fax: 301-652-8302

Attorneys *for Plaintiffs Shawne Merriman and S.M. Real Estate, LLC*