IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| S.M. Real Estate, LLC, and Shawne Merriman, | : | |
| Plaintiffs, | : | Case No. 8:09-cv-00978-RWT |
| v. | : | |
| Christian Laettner, Brian Davis and BD Ventures, LLC | : | PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT |
| Defendants. | : | |

PLAINTIFFS S.M. REAL ESTATE, LLC AND SHAWNE MERRIMAN'S
REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

Plaintiffs S.M. Real Estate, LLC ("S.M. Real Estate") and Shawne Merriman (together with S.M. Real Estate, "Plaintiffs"), by and through their undersigned counsel, submit this Reply Memorandum of Law in Further Support of their Motion for Summary Judgment filed on August 9, 2010.

I.   Introduction

Prior to and for the 18 months of this case, Defendants Christian Laettner and Brian Davis (and their company, BD Ventures, LLC) have shamelessly denied Plaintiff Shawne Merriman and his company the nearly $4 million Defendants owe them on two long overdue Promissory Notes and related Guaranties, and have also failed to convey the interests in real estate projects they promised to transfer to Mr. Merriman. True to form, because Defendants have no substantive defense of any kind to Plaintiffs' right to summary judgment, Defendants'

opposition brief consists of a series of frivolous factoids intended to distract this Court from Defendants' sworn admissions during their depositions which confirm Plaintiffs' entitlement to summary judgment. In opposition, Defendants submit no evidence of any kind nor any new exhibits; consistent with the old aphorism, because Defendants can neither argue the facts nor the law, they simply argue.

Defendants Laettner, Davis and BD Ventures have each admitted that: (1) they borrowed and/or guaranteed Promissory Notes totaling $3 million, which money was loaned to them by Plaintiffs, (2) they chose to direct the borrowed money to their affiliate for their benefit, (3) they have not repaid the debt nor associated interest and charges, (4) Plaintiffs performed all of their obligations, and (5) Defendants have no defenses to the Notes nor to the enforcement of the related Guaranties. While submitting no affidavits or evidence of any kind to rebut Plaintiffs' proof, Defendants assert that a trial is necessary to determine when they first received the $3 million, and when the Notes matured. They are wrong on both points. As for Defendants' assertion that there is no evidence in the record as to the precise date when the $3 million was loaned, point of fact Paragraph 2 of the Merriman Affidavit[1] and Recital B of the AMOU[2] each establish that the money was lent on August 3, 2007. That evidence is uncontradicted. Equally baseless is Defendants' contention that there is any dispute of fact as to when the Notes matured. The two Notes were made by BD Ventures, LLC and were signed on its behalf at the time by Brian Davis as its "Managing Member." While still serving as BD Ventures' sole Managing Member, Mr. Davis (and BD Ventures' only other member, Mr. Laettner) later signed an agreement which advanced the maturity date on the Notes to March 30, 2009. It is hornbook law

---

[1] Affidavit of Shawne Merriman in Support of Plaintiffs' Motion for Summary Judgment, dated August 9, 2010 ("Merriman Aff.").

[2] Capitalized terms not defined herein have the meaning ascribed to them in Plaintiffs' Memorandum of Law in Support of their Motion for Summary Judgment, filed on August 9, 2010.

2

that the terms of an obligation can be modified by a writing signed by or on behalf of the obligor. Accordingly, Defendants arguments on the Notes are meritless.

As regards the real estate interests which Messrs. Laettner and David promised to transfer to Mr. Merriman, Defendants likewise have no substantive response to their testimonial admissions that they agreed in writing to transfer the interests, they failed to transfer the interests, and have no defenses to Mr. Merriman's right to those interests. (*See* Ex. B, Davis Dep. at 20:6-22:19; 36:5-17; 38:2-39:13; 74:5-20; 97:19-98:8; 129:20-130:10.)[3] Instead, they assert that a written memorandum of understanding cannot constitute a binding contract, and is otherwise unenforceable because some of the terms they agreed to involve contingencies. The law is otherwise: where, as here, Defendants have admitted that they had a binding agreement to transfer to Mr. Merriman specific interests in specific real estate projects, there is an enforceable contract the breach of which entitles Plaintiffs to judgment.

In sum, Defendants are deadbeats who continue to play for time while raising no valid issues of fact or law to delay Plaintiffs' right to summary judgment. To avoid further delay and inconvenience to the Court, Plaintiffs withdraw their request for oral argument, and subject to the Court's desire for same, request the immediate entry of judgment in their favor on all counts.

---

[3] True and correct copies of relevant excerpts from the April 28, 2010 deposition of Christian Laettner are attached to the Declaration of David E. Ross in Further Support of Plaintiffs' Motion for Summary Judgment (the "Ross Decl.") submitted herewith, as Exhibit A. True and correct copies of relevant excerpts from the April 29 and August 6, 2010 depositions of Brian Davis are attached to the Ross Decl. as Exhibit B. True and correct copies of relevant excerpts from the August 6, 2010 deposition of BD Ventures are attached to the Ross Decl. as Exhibit C.

II.     Argument

A.     **Defendants' Arguments On The Promissory Notes and Related Guaranties Are Frivolous**

While conceding by their silence that they are in default and have no defenses to the Notes and Guaranties, Defendants make two arguments to forestall the entry of summary judgment claiming we need a trial to determine when the $3 million was loaned to them and when the Notes matured. Neither argument is consistent with the facts or the law.

First, after reciting two pages of irrelevant background, Defendants assert (Def. Opp. at 3-4) there is no evidence in the record to show the *exact* date when the two notes totaling $3 million were actually funded, and thus no way to calculate the date when interest began running on their defaulted obligations. That is false. (*See* Pl. Mov. Br. at 8.) Mr. Merriman's Affidavit states unequivocally that the loans were made on August 3, 2007. (*See* Merriman Aff. ¶ 2.) In addition, the AMOU, signed by Davis and Laettner, also recites that the money was loaned to BD Ventures on August 3, 2007. (*See* Ex. 5 at 1.)[4] Defendants have tendered no evidence in any form to show otherwise. There is thus no disputed issue of fact as to the date when the money was loaned, and thus when interest began to run on the debt.

Second, Defendants purport to challenge the date when the Notes matured. There is no dispute that the original maturity date of the Notes was August 3, 2009. (*See* Ex. 2 at 1.) The Notes were signed on behalf of Defendant BD Ventures, LLC by Defendant Brian Davis, acting as its sole Managing Member. (*See* Ex. 2 at 3; Ex. B, Davis Dep. at 59:7-15.) Mr. Davis testified that he had that role for BD Ventures until approximately August 2009. (*See* Ex. B, Davis Dep. at 16:4-17:4.) The only other member of BD Ventures at the relevant time was Defendant Laettner. (*See* Ex. A, Laettner Dep. at 167:2-6.) On December 1, 2008, while Mr.

---

[4] Citations to numerical exhibits refer to the exhibits attached to the Merriman Aff..

Davis was still serving as BD Ventures' sole Managing Member, he and Mr. Laettner (see Ex. B, Davis Dep. at 49:11-19) agreed in writing to move up the maturity dates of the Notes to March 30, 2009:

> (b) The Promissory Notes shall remain in full force and effect….; provided, however, that the parties agree that the Promissory Notes shall be due and payable, together with accrued interest, on or before March 30, 2009."
> (See Ex. 5 at 4.)

Defendants contend that this writing, the AMOU, signed by Davis and Laettner, and which specifically references the Notes and accelerates their maturity date, cannot be binding on BD Ventures. (Def. Opp. at 4.) The law is otherwise.[5]

The AMOU was executed by Merriman, Laettner and Davis. (See Ex. 5 at 6, 7.) Laettner and Davis were, at all times relevant to this litigation, the sole members of BD Ventures and possessed the legal authority to bind BD Ventures. (See Ex. B, Davis Dep. at 16:4-19; 60:11-21.) See Md. Corporations and Associations Code Ann. § 4A-401. At his deposition on behalf of BD Ventures, Davis affirmed his testimony (also given individually) that Laettner, Davis and BD Ventures intended to be bound by the AMOU. (See Ex. C, BD Ventures Dep. at 10:7-18.)

It is also fundamental that a note or other obligation can be modified by a writing signed by or on behalf of that party. See *Hershon v. Hellman Co.*, 565 A.2d 282, 283 (D.C. 1989) ("The parties to a contract are free to modify that contract by mutual consent."); *Nyhus v. Travel Management Corp.*, 151 U.S. App. D.C. 269, 275 (1972) ("The power to contract is also the power to modify the effect of prior agreements by mutual consent.").

As there is no dispute that Brian Davis was the Managing Member of BD Ventures, and was authorized to act for that Defendant, the written modification accelerating the maturity date

---

[5] Defendants acknowledge that whether the AMOU is enforceable is a question of law to be determined by the Court on this motion. (Def. Opp. at 7.)

of the Notes is binding on BD Ventures. The Notes therefore matured on March 30, 2009, and default interest began to run thereafter, as reflected in the calculations submitted by Plaintiffs on this Motion. No trial is necessary to calculate the interest due under the defaulted Notes and Guaranties. Summary Judgment should thus be entered on Counts I, III, IV and V as set forth in the Motion and proposed Order submitted by Plaintiffs.

B.  **Also Frivolous Are Defendants Arguments Regarding The Real Estate Interests Defendants Promised To Convey to Mr. Merriman**

Defendants next argue, without any evidentiary or legal support, that the AMOU is a "preliminary agreement" that is not sufficiently definite in its material terms to constitute a binding contract. (Def. Opp. at 8-10.) This argument is also contrary to the facts and the law. (*See* Ex. 5; Ex. B, Davis Dep. at 98:9-105:18, 106:17-111:22.)

The AMOU was executed by Merriman, Davis and Laettner. Davis and Laettner have testified as to their intention to perform its specific terms. (*See* Ex. B, Davis Dep. at 36:5-17; 74:5-20; 97:19-98:8.) Defendants have also admitted under oath that Plaintiffs met each and every obligation under the AMOU and that Shawne Merriman is presently entitled to the transfer of the real estate interests promised him by Defendants. (*See* Ex. B, Davis Dep. at 38:2-39:13; 129:20-130:10; 221:10-17.)[6] Defendants have also testified to the status of the specific projects listed in the AMOU. (*See* Ex. B, Davis Dep. at 98:9-105:18, 106:17-111:22.) Their testimony also confirms the existence and status of the three projects in which they promised to convey proportional shares to Mr. Merriman and which are the subject of this Motion. Defendants submit no proof of any kind to contradict the AMOU or their own sworn testimony. There is thus no material dispute that the AMOU was intended to be and was in fact a binding contractual

---

[6] Plaintiffs' performance is also admitted in Recital B of the AMOU, an agreement signed by both Laettner and Davis. (*See* Ex. 5 at 1, 6.)

6

obligation. *See Affordable Elegance Travel, Inc. v. Worldspan, L.P.*, 774 A.2d 320, 327 (D.C. 2001) quoting *Rosenthal v. National Produce Co.*, 573 A.2d 365, 370 (D.C. 1990) (In order to be enforceable, "a contract must be sufficiently definite as to its material terms that the promises and performance to be rendered by each party are reasonably certain.")

While submitting no evidence to support the contention, Defendants also claim Plaintiffs cannot recover under the AMOU because the partnerships in question do not exist. (Def. Opp. at 11-13.) In fact, the parties anticipated this issue in their agreement and expressly provided that Mr. Merriman can later transfer his interests in the identified ventures to other of Laettner's and Davis's ventures should any of those conveyed cease to exist. (*See* Ex. 5 at 3.)[7] Plaintiffs' proposed Judgment includes a paragraph reflecting that very agreement.

Accordingly, Plaintiffs are entitled to summary judgment with respect to the transfer to Mr. Merriman of the real estate interests promised him by Defendants Laettner and Davis in the AMOU.

---

[7] Defendants' argument that, by the AMOU, the parties intended to assume Merriman's debt to Wachovia *or, alternatively,* grant Merriman various interests in Defendants' real estate projects is equally baseless. The plain language of the AMOU provides that: (1) Laettner and Davis will either transfer the entire Wachovia obligation to themselves (or an entity on their behalf) or make a full and complete payment of the Wachovia debt, and (2) in addition, grant Merriman interests in their real estate projects. (*See* Ex. 5.) Moreover, Davis testified that Defendants agreed to assume Merriman's debt to Wachovia and, **in addition,** to grant Merriman various interests in Defendants' real estate projects. (*See* Ex. B, Davis Dep. at 114:11-15 (Mr. Ross: "So even if the money was assumed on the day you signed this and Mr. Merriman was or his company was taken out of the Wachovia loan, he was still going to retain his interests in all these other properties?" Mr. Davis: "Absolutely.").)

7

III.    **Conclusion**

For the foregoing reasons, there exists no dispute as to any material fact. Plaintiffs are entitled to the entry of a Judgment as specified in their moving papers.

Dated: September 13, 2010

Respectfully submitted,

KASOWITZ, BENSON, TORRES
& FRIEDMAN LLP

By: /s/ David E. Ross

Marc E. Kasowitz (*pro hac vice*)
David E. Ross (*pro hac vice*)
Rachel E. Lubert (*pro hac vice*)
1633 Broadway
New York, New York 10019
Telephone: 212-506-1700
Fax: 212-506-1800

Roy I. Niedermayer
Arthur G. House
Paley Rothman Goldstein Rosenberg Eig
& Cooper, Chtd.
4800 Hampden Lane, 7th Floor
Bethesda, Maryland 20814
Telephone: 301-951-4456
Fax: 301-652-8302

*Attorneys for Plaintiffs Shawne Merriman and S.M. Real Estate, LLC*