LAW OFFICES

# BRAULT GRAHAM, LLC

101 SOUTH WASHINGTON STREET
ROCKVILLE, MARYLAND 20850
(301) 424-1060
FAX (301) 424-7991
BG@BRAULTGRAHAM.COM

ALBERT D. BRAULT ᐃ
LEO ALOYSIUS ROTH, JR. ᐃ
JAMES S. WILSON ᐃ
DANIEL L. SHEA *
DAVID G. MULQUIN °
JAMES M. BRAULT ᐃ
STUART N. HERSCHFELD ᐃ
CRYSTAL S. DEESE +
HEATHER J. KELLY +
DAVID F. RYDER ᐃ
BRADFORD J. ROEGGE *

° ADMITTED TO MD ONLY
ᐃ ADMITTED TO MD & DC
* ADMITTED TO MD, DC & GA
+ ADMITTED TO MD, DC & VA
* ADMITTED TO MD, DC & MN

ALBERT E. BRAULT
1906-2002
DENVER H. GRAHAM
1922-1987
LAURENCE T. SCOTT
1928-2007

OF COUNSEL
M. KATHLEEN FALLON ᐃ
JOAN F. BRAULT ᐃ
JAMES ROBERT MILLER
1926-2003

December 10, 2010

The Honorable Roger W. Titus
United States District Judge
 For the District of Maryland
6500 Cherrywood Lane, Suite 200
Greenbelt, Maryland 20770

      Re:   *SM Real Estate, LLC, et al v. Christian Laettner, et al*; In the United States District Court for the District of Maryland; Case No. 8:09-cv-00978-RWT

Dear Judge Titus:

I have received Mr. Ross's December 1, 2010 letter on behalf of Plaintiffs forwarding a "Proposed Order and Judgment" for your consideration.

In response, Defendants object to this Proposed Order, as follows:

1. Under 28 U.S.C. § 1961, the post-judgment interest rate is set by law. The first full paragraph on page 2 of Plaintiffs' Proposed Order, which seeks the imposition of a different post-judgment rate, is contrary to governing law. Plaintiffs never argued to the contrary in its papers, and the court never ruled to the contrary on November 18, 2010.

2. The second full paragraph on page 2 of the proposed Order is also contrary to law. A money judgment must be for a sum certain in accordance with admissible evidence. The Proposed Order seeks as judgment for an unliquidated, uncertain sum, including alleged "future" damages. No such evidence has been presented. The proposed Order is therefore inappropriate inasmuch as it requests that the court enter a judgment for an undefined sum without the benefit of admissible evidence for unknown "costs, fees and other expenses incurred in the future…"

3. The third full paragraph on page 2 of the proposed Order is also contrary to governing law as it purports to require and undefined "transfer" of vague and uncertain "capital accounts", and further purports to seek judgment against non-parties, with the following:

> "That judgment shall be entered in favor of Plaintiff Shawne Merriman against Defendants Christian Laettner and Brian Davis **and their affiliated ventures jointly and severally...**" (emphasis supplied)

No such "affiliated ventures" were parties to this action. A judgment may not be entered against a non-party and is not enforceable against a non-party. Entry of judgment against non-parties, as submitted by Plaintiffs' Proposed Order, was not part of Plaintiffs' Amended Complaint, was not argued by Plaintiffs on November 18, 2010 or in Plaintiffs' papers, and was not subject of the court's remarks on November 18, 2010.

4. The first full paragraph on page 3 of the proposed Order is also inappropriate. This purported "option" is uncertain and vague and therefore unenforceable; it is simply invites further litigation, involving, *inter alia*, other non-party "entities" in which Mr. Laettner and/or Mr. Davis "now or later" may have an interest.

5. The last paragraph of page 3, which seeks the entry of judgment against Mr. Laettner and Mr. Davis, as well as against unidentified and undefined "affiliated ventures jointly and severally" is also uncertain and vague, and as written, purports to constitute the entry of judgment against non-parties. This was not part of the court's November 18, 2010 remarks in open court.

Thank you for your consideration of the foregoing. Should Your Honor want me to prepare an Order which I believe is consistent with your remarks in open court, I am happy to do so.

Very truly yours,

Daniel L. Shea

Hon. Roger W. Titus
December 10, 2010
Page 3

DLS/ma
cc:   Marc E. Kasowitz, Esq.
      David E. Ross, Esq.
      Rachel Lubert, Esq.
      Kasowitz, Benson, Torres & Friedman LLP
      Counsel for Plaintiffs

      Arthur House, Esq.
      Roy I. Niedermayer, Esq.
      Paley Rothman Goldstein Rosenberg Eig & Cooper, Chtd.
      Counsel for Plaintiffs